Argued January 16, affirmed January 29, 1918.

## WILLIAMS *v.* LOMBARD.*

### (170 Pac. 316.)

**Municipal Corporations—Automobile Collision—Last Clear Chance—Instruction.**

1. In an action for injuries in collision between an automobile owned by defendants and the sled on which plaintiff was riding, where there was evidence tending to show that there were arc lights at the location extending for a short distance over the streets, that defendants' car had its side lights burning, and that there was considerable snow on the ground, the court properly instructed on the doctrine of last clear chance, since the circumstances might well be taken into consideration by the jury in determining whether or not defendants' chauffeur testified truthfully as to when he first discovered plaintiff and his sled.

[As to when contributory negligence does not bar recovery, see notes in 30 Am. Rep. 190; 38 Am. Rep. 637.]

**Damages—Personal Injuries—Aggravation of Old Injuries.**

2. In an action for injuries in collision by defendants' automobile with plaintiff's sled, the court properly refused to instruct at defendant's request that the jury could not allow plaintiff anything if they should believe from the evidence in the case that his old ailments or injuries were aggravated or made worse because of the accident.

**Damages—Pleading.**

3. Plaintiff cannot recover for an aggravation of prior injuries, unless such conditions are pleaded.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Action by Otto Williams against Gay M. Lombard and Mary T. Lombard, husband and wife, to recover damages for personal injuries received by being run down by an automobile owned by defendants. From a judgment in favor of plaintiff for $1,250, rendered upon a verdict, defendants appeal. Affirmed.

---

*On origin, function and mode of operation of doctrine of last clear chance, see notes in 55 L. R. A. 418; 36 L. R. A. (N. S.) 957.

On the question of liability for collision between automobiles or automobile and another vehicle at or near corner of streets or highways, see note in L. R. A. 1916A, 745.

For rules of the road governing vehicles proceeding in opposite direction, see note in 41 L. R. A. (N. S.) 322; and as to vehicles proceeding in same direction, see note in 41 L. R. A. (N. S.) 337.

REPORTER.

Department 1.    Statement by Mr. Justice Benson.

Plaintiff instituted this action to recover damages for personal injuries received in a collision between an automobile owned by defendants and a sled upon which plaintiff was riding. The accident occurred on the evening of January 20, 1916, on Lovejoy Street, between 24th and 25th Streets, Portland, Oregon. The complaint alleges negligence upon the part of defendants in several particulars among which are: A violation of the ordinance requiring a chauffeur to pass other vehicles to the left; that they failed to keep a proper lookout; that they failed to sound the horn or give any proper alarm; that they were driving their car at an excessive speed and that they neglected to utilize the "last clear chance" to save plaintiff from injury.

The answer admits the collision but denies all other allegations of the complaint, and affirmatively pleads contributory negligence. Defendants appeal from a judgment in favor of the plaintiff.        Affirmed.

For appellants there was a brief over the names of *Mr. F. C. Howell* and *Messrs. Wilbur, Spencer & Beckett,* with an oral argument by *Mr. Howell.*

For respondent there was a brief over the names of *Mr. J. G. Simmons* and *Messrs. Pearcy & Mendenhall,* with an oral argument by *Mr. Simmons.*

Mr. Justice Benson delivered the opinion of the court.

1. Defendants present two questions for our consideration. One is that the court instructed the jury upon the doctrine of the "last clear chance" in the

absence of any evidence which would render such instruction pertinent. The only direct testimony relating thereto is that of defendants' chauffeur who testified quite positively that he did not see plaintiff or his sled until he was within five feet of them and that he instantly used every possible endeavor to prevent the accident. However, there was evidence tending to show that there were arc lights at the corners of 24th and 25th Streets extending out for a short distance over the streets and that defendants' car had its side lights burning and there was considerable snow on the ground. These circumstances might well be taken into consideration by the jury in determining whether or not the chauffeur testified truthfully as to when he first discovered plaintiff and his primitive equipage and the court did not err in instructing the jury thereon.

2, 3. Defendants next urge that the court erred in refusing to give the jury the following instruction:

"And I further instruct you that you cannot allow the plaintiff anything in this case, if you should believe from the evidence in this case, that those old ailments or injuries were aggravated or made worse because of the accident the plaintiff complains of in this case."

We can only conjecture what counsel intended to express when he framed this charge; but we feel confident that he never meant what the language used clearly imports, which is, that if the injuries received at the time of the accident resulted in aggravating old ailments or injuries, that fact would be a complete defense even as to the hurts which were the immediate result of the collision. It is true that plaintiff cannot recover for an aggravation of prior injuries unless such conditions are pleaded, but no such doctrine is

suggested in the instruction submitted to the court and it was properly refused.

The judgment of the lower court is affirmed.

                                                              AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE BURNETT concur.